IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| RICHARD L. SEALEY, | ) |
| Petitioner, | ) CIVIL ACTION NO.<br>) 1:14-CV-00285-MLB |
| v. | ) |
| BENJAMIN FORD, Warden,<br>Georgia Diagnostic Prison,<br>Respondent. | ) HABEAS CORPUS |

**PETITIONER'S OBJECTION TO
THE CLERK CONSTRUING HIS NOTICE OF APPEAL AS
A MOTION FOR A CERTIFICATE OF APPEALABILITY**

On March 1, 2022, this Court entered an order denying Mr. Sealey's motion to reopen these proceedings to adjudicate his claim that subjecting him to execution by lethal injection would violate his constitutional rights. D.92. This Court held that Mr. Sealey's lethal injection claim did not attack the validity of his conviction or sentence and therefore "must be pursued in a § 1983 suit[,]" *id.* at 4—not in habeas—and dismissed the claim (for a second time) without prejudice, *id.* at 10. Mr. Sealey timely filed a notice of appeal. D.93. The clerk of the United States Court of Appeals requested that this Court determine whether Mr. Sealey is entitled to a certificate of appealability. D.96. And the clerk of this Court has now construed Mr. Sealey's notice of appeal as a motion for a certificate of

appealability. D.98. A certificate of appealability, however, "has no application here" because this Court dismissed Mr. Sealey's claim for lack of jurisdiction. *Hubbard v. Campbell,* 379 F.3d 1245, 1247 (11th Cir. 2004). Accordingly, the clerk's docket entry construing Mr. Sealey's notice of appeal as a motion for a certificate of appealability must be struck. In support, Mr. Sealey shows and states as follows:

1. Mr. Sealey is a death-sentenced Georgia prisoner who challenged his convictions and death sentence before this Court pursuant to 28 U.S.C. § 2254. D.1. In his petition for writ of habeas corpus, Mr. Sealey alleged that he could not be subjected to lethal injection because it is cruel and unusual under the Eighth and Fourteenth Amendments. D.1:138. The Warden responded that Mr. Sealey's challenge to lethal injection was not cognizable in these proceedings, D.52:411, and this Court agreed. The Court's final order dismissed the lethal injection claim without prejudice, concluding that "a § 1983 lawsuit, not a habeas proceeding, is the proper way to challenge lethal injection procedures." D.66:100-01, citing *Tompkins v. Sec'y, Dep't of Corr.,* 557 F.3d 1257, 1261 (11th Cir. 2009).

2. Thereafter, the Eleventh Circuit Court of Appeals in *Nance v. Comm'r, Ga. Dep't of Corr.,* held that certain method of execution challenges, like Mr. Sealey's, were properly raised in habeas, not in § 1983 proceedings. 981 F.3d

2

1201 (11th Cir. 2020). Consequently, Mr. Sealey moved this Court to reopen these proceedings in order to take discovery and adjudicate his claim. D.89.

3. On March 1, 2022, this Court found that the holding in *Nance* did not apply to Mr. Sealey's claim, denied his motion to reopen, and again, dismissed the claim "without prejudice" as not cognizable in these proceedings. D.92:10. Because this Court concluded that it was not authorized to reach the merits of this claim, it correctly refrained from issuing a ruling as to whether Mr. Sealey was entitled to a certificate of appealability ("COA"). Mr. Sealey timely filed a notice of appeal. D.93.

4. The Antiterrorism and Effective Death Penalty Act requires a COA as a precondition to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). "The key inquiry into whether an order is 'final' for § 2253 purposes is *whether it is an order that disposes of the merits* of a habeas corpus proceeding." *Jackson v. United States*, 875 F.3d 1089, 1090 (11th Cir. 2017) (emphasis supplied) (quotation omitted). This Court's March 1, 2022 order, dismissing Mr. Sealey's lethal injection claim without prejudice, plainly did not dispose of the merits of that claim.[1] Indeed, this Court *could not* reach the claim;

---

[1] "A district court dismissing a petition without prejudice, because it lacks subject matter jurisdiction, is not the same as a district court dismissing a petition *with* prejudice on the merits." *Jackson*, 875 F.3d at 1091 (emphasis in original).

the Court concluded that it did not have jurisdiction to do so. D.92:10. And because this Court's order did not "dispose of the merits of a habeas corpus proceeding," it is not a "final order" within the meaning of § 2253. *Jackson*, 875 F.3d at 1091 (quotation omitted). Simply put, the COA requirement "has no application here[.]" *Hubbard,* 379 F.3d at 1247.

5. The Court of Appeals has confirmed that where a district court concludes that "it lack[s] subject matter jurisdiction" and "is obliged to dismiss [the petition] for that reason," a COA "is unnecessary to permit [the Court of Appeals] to review the district court's order of dismissal." *Hubbard,* 379 F.3d at 1247. In such a case, the Court of Appeals has jurisdiction to review the district court's order under 28 U.S.C. § 1291:

> Section 2253(c) has no application here because the district court's decision dismissing the Amended Petition is not 'a final order in a habeas corpus proceeding' within the meaning of the statute. Rather, the decision is a final order dismissing the Amended Petition for lack of subject matter jurisdiction. We have jurisdiction to review the order pursuant to 28 U.S.C. § 1291.

*Id.*

6. Mr. Sealey did not seek—and this Court did not issue—a certificate of appealability because it would not have been proper to do so where the Court ruled that it lacked jurisdiction over the claim. *Gill v. Warden,* 801 Fed. Appx. 676, 679

4

(11th Cir. 2020). This Court must strike the clerk's docket entry construing Mr. Sealey's notice of appeal as a motion for a certificate of appealability.

## **CONCLUSION**

For all the reasons set forth above, Mr. Sealey respectfully requests that this Court enter an order striking the clerk's docket entry construing his notice of appeal as a motion for a certificate of appealability and clarifying that a certificate of appealability is not required.

Respectfully submitted on this, the 25th day of May, 2022.

| | |
|---|---|
| */s/ S. Jill Benton* | |
| S. Jill Benton (GA Bar No. 053659) | Seanna R. Brown (*pro hac vice*) |
| FEDERAL DEFENDER   PROGRAM, INC. | BAKER & HOSTETLER LLP  45 Rockefeller Plaza |
| Centennial Tower, Suite 1500 | Suite 1400 |
| 101 Marietta St NW | New York, New York 10111 |
| Atlanta, Georgia 30303 | T. 212-589-4200 |
| T. 404-688-7530 | F. 212-589-4201 |
| F. 404-688-0768 | dsheehan@bakerlaw.com |
| jill_benton@fd.org | sbrown@bakerlaw.com |

COUNSEL FOR PETITIONER