IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Richard L. Sealey,

        Petitioner,

v.                                          Case No. 1:14-cv-285-MLB

Benjamin Ford,

        Respondent.

_____/

## ORDER

Recently, this Court denied (Dkt. 92) Petitioner Richard L. Sealey's motion (Dkt. 89) to reopen this matter for consideration of his claim challenging Georgia's lethal injection procedures. Petitioner has now filed a notice of appeal (Dkt. 93), which the Clerk has construed as a motion for a certificate of appealability (COA).

Petitioner objects, contending that the order denying his motion is not a final order under 28 U.S.C. § 2253 and that a COA is thus not required. He cites to *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004), wherein the Eleventh Circuit concluded that a COA is not

required to appeal a district court's dismissal of a § 2254 petition for lack of subject matter jurisdiction because the dismissal was not a final order on the merits of the petition. However, in *Pagan v. United States*, 353 F.3d 1343 (11th Cir. 2003), the Eleventh Circuit held that a COA is required to raise an interlocutory appeal of an order denying bond in a § 2255 proceeding, which is also not a final order on the merits of the petition. Accordingly, the issue is unclear, and this Court concludes that, regardless of the COA requirement, Petitioner should be allowed to appeal this Court's order. Accordingly, Petitioner will be issued a (perhaps unnecessary) COA to preserve his entitlement to an appeal.

Under 28 U.S.C. § 2253(c)(2), a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Accordingly, this Court finds (1) that reasonable jurists could debate whether Georgia's planned use of a

2

compounded lethal injection drug and its current method of execution protocols are substantially likely to violate Petitioner's rights, and (2) that reasonable jurists could debate whether Petitioner's Ground XXIII must be brought pursuant to 28 U.S.C. § 2254 under *Nance v. Comm'r, Georgia Dep't of Corr.*, 981 F.3d 1201, 1203 (11th Cir. 2020) *cert. granted sub nom Nance v. Ward*, 142 S. Ct. 858 (2022). Accordingly, a COA is **GRANTED** to permit Petitioner to appeal this Court's denial of his motion under *Nance*.

**SO ORDERED** this 10th day of June, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE